**Keith D. Karnes**, Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

**Phil Goldsmith**, Oregon State Bar ID Number 78223
phil@lopglaw.com
Law Office of Phil Goldsmith
1618 SW First Ave, Ste 350
Portland, OR  97201
Telephone (503) 224-2301
Fax (503) 222-7288

FILED'10 MAY 13 16:30 USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DONNA JENE MEMMOTT<br><br>Plaintiff<br><br>v.<br><br>ONEWEST BANK, FSB; and<br>REGIONAL TRUSTEE SERVICES<br>CORPORATION<br><br>Defendants. | Case No. 10-3042-CL<br><br>COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF<br><br>JURY REQUESTED |

INTRODUCTION

1.      Plaintiff, Donna Memmott, is the owner of and resides on real property located at

1593 Rogue River Highway in Grants Pass Oregon which is made up of two separate but

COMPLAINT                                                                                                              Page 1



contiguous parcels of land. Ms. Memmott financed the property through two separate loans, one for each parcel, and the servicing of both loans was assigned to defendant, Onewest Bank, FSB ("Onewest"). Due to a battle with cancer Ms. Memmott fell behind in her obligations to Onewest. Ms. Memmott applied for a loan modification with Onewest. Onewest informed Ms. Memmott that both of her loans would be modified through two separate modifications. Onewest produced two modifications that Ms. Memmott signed and returned.

2. Ms. Memmott made her payments on the modifications and performed as agreed in all aspects of them. Despite Ms. Memmott's performance, Onewest rejected her payments, charged late fees and employed defendant Regional Trustee Services, Corp. ("RTS") to foreclose on Ms. Memmott's property. Ms. Memmott informed RTS that she was current on her modification; yet RTS continued to foreclose. Ms. Memmott filed for Chapter 13 bankruptcy protection to stop defendants from foreclosing on her property.

3. Ms. Memmott's exhusband, Gunner Harris, cosigned with Ms. Memmott on the loan with Onewest. He has assigned his claims against all defendants to Ms. Memmott.

JURISDICTION AND VENUE

4. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331; over plaintiff's Fair Debt Collection Practices Act (FDCPA) claims pursuant to 15 U.S.C. § 1692k; and over plaintiff's Real Estate Settlement Procedures Act (RESPA) claims pursuant to 12 U.S.C. § 2614. This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Donna Jean Memmott is the owner of the land at issue. Ms. Memmott resides on the property and the loans were for financing the property for personal and family use. Ms. Memmott is therefore a consumer as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(3) and the Unlawful Debt Collection Practices Act (UDCPA) under O.R.S. 646.639(1)(a). Ms. Memmott is also a borrower as that term is used by RESPA pursuant to 12 U.S.C. § 2601 et seq.

7. Onewest is the mortgage servicer of plaintiff's loan as that phrase is defined by RESPA, 15 U.S.C. § 2605. Onewest acquired this loan when it was alleged to be in default and is therefore a debt collector as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Onewest is a debt collector as defined by the UDCPA, O.R.S. 646.639(1)(g).

8. RTS is the entity that was foreclosing on plaintiff's home. RTS is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff financed her home which includes an adjacent lot with two loans that were serviced by Indymac Bank.

10. Indymac Bank failed and Onewest took over the servicing of the two loans when plaintiff was alleged to be in default.

11. Plaintiff and Onewest entered into a Home Affordable Modification Program (HAMP) modification for the parcel on which plaintiff's home is located.

12. Pursuant to HAMP, Onewest commenced a trial period whereby plaintiff agreed to make three trial payments before the HAMP modification would become permanent.

13. Plainitff and Onewest agreed to modify the mortgage on the other parcel of

property. As a part of the agreement plaintiff was to bring the loan current by making one payment of $2400, four subsequent monthly payments of $2035.76 and a final monthly installment of $2,622.93.

14. Plaintiff performed all of her duties under both loan modifications.

15. Onewest wrongfully rejected Ms. Memmott's third trial payment pursuant to the HAMP modification.

16. Plaintiff and her husband repeatedly telephoned and wrote to Onewest and requested that Onewest honor the modification agreement.

17. Onewest repeatedly refused to honor the loan modification.

18. Onewest instructed RTS to foreclose on plaintiff's property within a few weeks of the time that Onewest rejected the payments made by plaintiff.

19. Plaintiff and her husband protested the foreclosure to RTS.

20. RTS continued with the foreclosure despite plaintiff's protests.

21. Plaintiff filed chapter 13 bankruptcy for the sole purpose of stopping the foreclosure by RTS.

## CAUSES OF ACTION

### COUNT I.

### FDCPA – ONE WEST

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Onewest constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2),

16992e(8),1692e(10), 1692f, 1692f(1), and 1692f(6).

24.     As a result of defendant's violations of the FDCPA, plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## FDCPA – RTS

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The foregoing acts and omissions of RTS constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2),1692e(10), 1692f, 1692f(1), and 1692f(6).

27.     As a result of defendant's violations of the FDCPA, plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III

## RESPA – Onewest

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Onewest constitute numerous and multiple violations of RESPA including, but not limited to, 12 U.S.C. § 2605(e)(1), 2605(e)(2) and 2605(e)(3).

30. As a result of defendant's violations of RESPA, plaintiff is entitled to actual damages pursuant to 12 U.S.C. § 2605(f)(1)(A); statutory damages in an amount up to $1,000.00 pursuant to 12 U.S.C. § 2605(f)(1)(B); and reasonable attorney's fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT IV

### UDCPA – Onewest

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Onewest constitute numerous and multiple violations of the UDCPA including, but not limited to, O.R.S. 646.639(2)(k), (m), and (n).

33. As a result of defendant's violations of the UDCPA, plaintiff is entitled pursuant to O.R.S. 646.641 to the greater of actual damages or $200.00 per violation of the UDCPA; punitive damages pursuant to O.R.S. 646.641; and reasonable attorney's fees and costs pursuant to O.R.S. 646.641.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### COUNT I.

for an award of actual damages;

for an award of statutory damages of $1,000.00;

for an award of costs of litigation and reasonable attorney's fees;

### COUNT II

for an award of actual damages;

for an award of statutory damages of $1,000.00;

for an award of costs of litigation and reasonable attorney's fees;

### COUNT III

for an award of actual damages;

for an award of statutory damages of $1,000.00;

for an award of costs of litigation and reasonable attorney's fees;

### COUNT IV

for an award of the greater of actual damages or $200.00 per violation ;

for an award of statutory damages;

for an award of punitive damages;

for an award of costs of litigation and reasonable attorney's fees;

DATED: May 10, 2010

_____
Keith D. Karnes
OSB # 03352
Phil Goldsmith, OSB No. 78223
Of Attorneys for Plaintiffs